IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

WILLIAM K. MAHOE,

    Plaintiff,

    vs.

OPERATING ENGINEERS LOCAL UNION
NO. 3 OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
AFL-CIO; JOHN DOES 1-5; JANE
DOES 1-5; DOES CORPORATIONS 1-
5; DOES PARTNERSHIPS 1-5; and
DOE GOVERNMENTAL AGENCIES 1-5,

    Defendants.

_____

OPERATING ENGINEERS LOCAL UNION
NO. 3 OF THE INTERNATIONAL
UNION OF OPERATING ENGINEERS,
AFL-CIO,

    Counter Claimant,

    vs.

WILLIAM K. MAHOE,

    Counter Defendant.

_____

Civ. No. 13-00186 HG-BMK

**ORDER GRANTING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF
THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION
TO DISMISS (ECF. No. 7) WITH LEAVE TO AMEND**

    Plaintiff William K. Mahoe, a Native Hawaiian/Pacific

Islander, claims that his former employer, Defendant Operating

Engineers Local Union No. 3 of the International Union of

Operating Engineers, AFL-CIO, discriminated against him on the

basis of race.  Plaintiff Mahoe seeks relief pursuant to Title VII of the Civil Rights Act of 1964.  Plaintiff Mahoe also claims that the Defendant Union or its agents made defamatory statements about him.

The Defendant Union filed a "MOTION TO DISMISS COUNT II (DEFAMATION) AND/OR FOR MORE DEFINITE STATEMENT."  The title of the Motion states that it seeks to dismiss only Count II for Defamation, but the body of the Motion and the attached Memorandum move to dismiss both Count I and Count II for failure to state a claim pursuant to Federal Rules of Civil Procedure 12(b)(6).  Subsequent to the Motion to Dismiss, the Defendant Union filed a counterclaim against Plaintiff Mahoe.  (ECF. No. 19).  The Defendant Union's Motion to Dismiss (ECF. No. 7) is **GRANTED WITH LEAVE TO AMEND.**  The Defendant Union's request for a more definite statement is **DENIED**.


## PROCEDURAL HISTORY

On September 21, 2012, Plaintiff William K. Mahoe ("Mahoe") filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Exh. A. to Defendant's Notice of Removal, ECF. No. 1-1).

On April 19, 2013, Defendant Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union") removed the state court action to the United States

2

District Court, District of Hawaii.  (ECF. No. 1).

On April 26, 2013, the Union filed "OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION TO DISMISS COUNT II (DEFAMATION) AND/OR FOR MORE DEFINITE STATEMENT" (hereafter "Motion to Dismiss").  (ECF. No. 7).

On July 12, 2013, the case was reassigned to the Honorable Judge Helen Gillmor.  (ECF. No. 23).

On July 22, 2013, Mahoe filed "PLAINTIFF WILLIAM K. MAHOE'S MEMORANDUM IN OPPOSITION TO DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION TO DISMISS COUNT II (DEFAMATION) AND/OR FOR MORE DEFINITE STATEMENT FILED APRIL 26, 2013."  (ECF. No. 25).

On July 29, 2013, the Union filed "OPERATING ENGINEERS LOCAL UNION NO. 3'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION TO DISMISS AND/OR FOR MORE DEFINITE STATEMENT, FILED ON APRIL 26, 2013."  (ECF. No. 26).

On August 9, 2013, the Union filed an Answer to the Complaint and Counter Claims.  (ECF. No. 27).  The Union alleges counter claims for breach of contract, breach of fiduciary duty, fraud and concealment of material facts, conversion, and unjust enrichment.

On August 19, 2013, Mahoe filed a Demand for Trial by Jury. (ECF. No. 28).

On August 30, 2013, Mahoe filed an Answer to the Union's counterclaim.  (ECF. No. 29).

Pursuant to Local Rule 7.2(e), the Court elected to decide the Motion without a hearing.

## BACKGROUND

Factual allegations asserted in the Complaint are considered true for the purposes of Defendant's Motion to Dismiss.  See Savage v. Glendale Union High Sch., 343 F.3d 1036, 1039 n.1 (9th Cir. 2003).

According to the Complaint, the Union employed Mahoe from 1992 through 2004 in various capacities.  (Complaint at ¶ 4, ECF. No. 1-1).  Mahoe asserts that on September 1, 2006, the Union again employed him and elected him to serve as a Trustee.  (Id. at ¶ 5).  The Complaint alleges that in 2009, the Union appointed Mahoe to Treasurer, where he claims that he was the "only high ranking non-Caucasian on the Board." (Id. at ¶ 5, 6).  Mahoe asserts that he was fully qualified for the position and satisfactorily completed his job duties.  (Id. at ¶ 10-m).

Mahoe alleges that the Union placed him under investigation numerous times.  (Id. at ¶ 10-d, 10-g, 10-h, 10-i).  The Complaint states that one investigation was based on complaints by two former employees, but it fails to identify the nature of any of the investigations.  (Id.).

4

Mahoe claims that in January 2010, the Union decreased his income because he refused to relocate to its head office in California.  (Id. at ¶ 10-e).  Mahoe claims that another employee, who is Caucasian and resides in Utah, also refused to relocate to California but did not have his income decreased. (Id. at ¶ 10-f).

Mahoe alleges that he complained to the Union about race discrimination against him on June 16, 2010, after which he was again placed under investigation.  (Id. at ¶ 10-h).

The Complaint states that Mahoe and the Union reached an agreement following the investigations that was recorded in a Letter of Understanding in October 2010.  (Id. at ¶ 10-j).

Mahoe claims that on January 23, 2011, the Union "constructively terminated" him, when he submitted his resignation.  (Id. at ¶ 10-k).  Mahoe alleges the Union replaced him with a person not of his race.  (Id. at ¶ 10-l).  Mahoe claims that the Union, its employees, or agents, made defamatory statements about his lack of integrity and competence as Treasurer.  (Id. at ¶ 15).

Mahoe states that he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), EEOC No. 486-2010-00349.  (Id. at ¶ 7).  According to the Complaint, the EEOC issued a Dismissal and Notice of Rights on June 25, 2012. (Id. at ¶ 8).

Mahoe alleges (Count I) disparate treatment arising from racial discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964.  Mahoe also alleges (Count II) defamation.  The Union, pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss both counts against it.

## STANDARD OF REVIEW

The Court must dismiss a complaint as a matter of law pursuant to Federal Rule of Civil Procedure 12(b)(6) where it fails "to state a claim upon which relief can be granted."  Rule (8)(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  When considering a Rule 12(b)(6) motion to dismiss, the Court must presume all allegations of material fact to be true and draw all reasonable inferences in favor of the non-moving party.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  Conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss.  Id. at 699.  The Court need not accept as true allegations that contradict matters properly subject to judicial notice or allegations contradicting the exhibits attached to the complaint. Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

6

In Bell Atl. Corp. v. Twombly, the United States Supreme
Court addressed the pleading standards under the Federal Rules of
Civil Procedure in the anti-trust context.  550 U.S. 544 (2007).
The Supreme Court stated that Rule 8 of the Federal Rules of
Civil Procedure "requires more than labels and conclusions, and a
formulaic recitation of the elements of a cause of action," and
that "[f]actual allegations must be enough to raise a right to
relief above the speculative level."  Id. at 555.

Most recently, in Ashcroft v. Iqbal, the Supreme Court
clarified that the principles announced in Twombly are applicable
in all civil cases.  129 S.Ct. 1937 (2009).  The Court stated
that "the pleading standard Rule 8 announces does not require
'detailed factual allegations,' but it demands more than an
unadorned, the-defendant-unlawfully-harmed-me-accusation."  Id.
at 1949 (citing Twombly, 550 U.S. at 555).  To survive a motion
to dismiss, a complaint must contain sufficient factual matter,
accepted as true, to state a claim to relief that is plausible on
its face.  Id. (quoting Twombly, 550 U.S. at 570).  A claim has
facial plausibility when the plaintiff pleads factual content
that allows the court to draw the reasonable inference that the
defendant is liable for the misconduct alleged.  Id. (citing
Twombly, 550 U.S. at 556).  The plausibility standard is not akin
to a "probability requirement," but it asks for more than a sheer
possibility that a defendant has acted unlawfully.  Id. (quoting

<u>Twombly</u>, 550 U.S. at 556).  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 557).

The complaint "must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively" and "must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation."  <u>AE ex rel Hernandez v. Cnty. of Tulare</u>, 666 F.3d 631, 637 (9th Cir. 2012) (internal quotations omitted).

## ANALYSIS

The Complaint filed by Plaintiff William K. Mahoe ("Mahoe") contains two counts: (1) disparate treatment arising from racial discrimination and retaliation pursuant to Title VII of the Civil Rights Act of 1964; and (2) defamation.  Defendant Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Union"), pursuant to Federal Rule of Civil Procedure 12(b)(6), moves to dismiss both counts against it.

**COUNT I -- Title VII Discrimination**

Plaintiff Mahoe's Complaint alleges that the Union violated Title VII of the Civil Rights Act of 1964, because he "suffered discrimination in terms, conditions, and privileges of employment due to his race (Native Hawaiian/Pacific Island), and in retaliation for complaining of the discrimination." (Complaint at ¶ 12, ECF. No. 1-1). Mahoe appears to allege Title VII claims of disparate treatment and retaliation.

Title VII of the Civil Rights Act of 1964 provides, in relevant part:

> It shall be unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.
>
> 42 U.S.C. § 2000e-2(a)(1) (2006).

**A.     Disparate Treatment**

A person suffers disparate treatment in his employment when he is singled out and treated less favorably than others similarly situated on account of race. See McGinest v. GTE Service Corp., 360 F.3d 1103, 1121 (9th Cir. 2004). To establish a prima facie case of disparate treatment discrimination under Title VII, a plaintiff must demonstrate that: (1) he belongs to a protected class; (2) he was performing his job satisfactorily;

(3) he suffered an adverse employment action; and (4) similarly situated employees outside of his protected class were treated more favorably.  See Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1028 (9th Cir. 2006) (citing McDonnell Douglas Corp. V. Green, 411 U.S. 792, 802 (1973)).

The Ninth Circuit Court of Appeals in Starr v. Baca examined recent Supreme Court cases on pleadings, including those dealing with Title VII claims, and explained two principles relevant to analyzing the sufficiency of such pleadings:

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively.  Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

652 F.3d 1202, 1216 (9th Cir. 2011); see also Heyer v. Governing Bd. Of Mt. Diable Unified School Dist., 2013 WL 1320499, at *1 (9th Cir. April 3, 2013).

This Court must first analyze the four McDonnell Douglas elements to determine whether a complaint sufficiently pleads each element of the disparate treatment prima facie case and provides enough factual allegations to plausibly infer each element of the prima facie case.  This Court agrees with other Ninth Circuit district courts' interpretation of these

principles.  McAllister v. Hawaiiana Mgmt. Co., Ltd., Civ. No.

11-00056 DAE-KSC, 2012 WL 292955 at *7 (D. Haw. Jan. 30, 2012);

Washington v. Certainteed Gypsum, Inc., 2011 WL 3705000, at *5

(D.Nev. Aug. 24, 2011); Sablan v. A.B. Won Pat Int'l Airport,

2010 WL 5148202, at *4 (D. Guam Dec. 9, 2010).

Mahoe sufficiently alleges the first two necessary elements

of a disparate treatment discrimination claim by stating that he

belongs to a protected class as a Native Hawaiian/Pacific

Islander (Complaint at ¶ 2, ECF. No. 1-1), and that he completed

his job duties satisfactorily.  (Id. at ¶ 10-m).  Mahoe is not as

clear in his pleading of the last two necessary elements of a

disparate treatment claim.

### 1.    Reduction of Income

An adverse employment action materially affects the

compensation, terms, conditions, or privileges of employment.

Chuang v. Univ. of Cal. Davis, Bd. of Trustees, 225 F.3d 1115,

1126 (9th Cir. 2000).  Mahoe claims that he suffered an adverse

employment action in January 2010 when the Union decreased his

income.  (Complaint at ¶ 10-e, ECF. No. 1-1).  Reduction of pay

can be an adverse employment action.

The fourth element of a discrimination claim requires a

showing that adverse employment action was not taken against

similarly situated employees.  See Cornwell, 439 F.3d at 1028.

Plaintiff Mahoe claims that a Caucasian Recording Correspondent

Secretary, residing in Utah, also refused to relocate to
California, but he did not have his pay decreased.  (Complaint at
¶ 10-f, ECF No. 1-1).  Mahoe appears to claim that this
individual is similarly situated to him but provides no details
to support his claim.  Individuals are similarly situated when
they have similar jobs and engage in similar conduct.  <u>Vasquez v.
Cnty. of Los Angeles</u>, 349 F.3d 634, 641 (9th Cir. 2003).
"Employees in supervisory positions are generally deemed not to
be similarly situated to lower level employees."  <u>Id.</u>

The Complaint lacks sufficient information to show that the
position of Recording Correspondent Secretary was similar to
Mahoe's position of Treasurer.  <u>See</u> <u>id</u>.  Mahoe does not provide
any examples of other similarly situated employees who did not
have their income reduced for refusing to relocate.  The
Complaint fails to allege sufficient facts for a disparate
treatment claim based on reduced income.  <u>See</u> <u>Iqbal</u>, 129 S.Ct. at
1949 (citing <u>Twombly</u>, 550 U.S. at 570).

The Union's Motion to Dismiss, as to the disparate treatment
claim based on his reduced income, is **GRANTED WITH LEAVE TO
AMEND.**

### 2.  Plaintiff's Placement on Administrative Leave

Plaintiff Mahoe claims he suffered an additional adverse
employment action when on May 26, 2010, and July 26, 2010, the
Union placed him on administrative leave.  (Complaint at ¶ 10-g,

10-i, ECF. No. 1-1).  Placement on administrative leave may constitute an adverse employment action.  Dahlia v. Rodriquez, __ F.3d __, 2013 WL 4437594 at *13 (9th Cir. August 21, 2013).  Mahoe does not sufficiently plead the third element of a discrimination claim here, because he does not indicate the circumstances under which the Union placed him on administrative leave.  The Complaint fails to sufficiently allege that Mahoe's placement was connected in any way to discrimination.

Mahoe also does not sufficiently allege the fourth element of a discrimination claim based on disparate treatment.  The fourth element of a discrimination claim requires the plaintiff to establish that similarly situated employees outside the protected class were treated more favorably when engaged in the same conduct that led to his administrative leave.  Vasquez, 349 F.3d at 641.  The Complaint fails to allege sufficient facts for a disparate treatment claim based on the Defendant Union placing Plaintiff Mahoe on administrative leave.  See Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).

The Union's Motion to Dismiss, as to the disparate treatment claim based on his placement on administrative leave, is **GRANTED WITH LEAVE TO AMEND.**

### B.   Constructive Discharge

"Constructive discharge" occurs when an employer creates or permits working conditions "so intolerable that a reasonable

13

person in the employee's position would have felt compelled to resign." Penn. State Police v. Suders, 542 U.S. 129, 143 (2004); see Jordan v. Clark, 847 F.2d 1368, 1377 (9th Cir. 1988).

Plaintiff sufficiently alleges the first two necessary elements of his claim for constructive discharge by stating that he belongs to a protected class as a Native Hawaiian/Pacific Islander (ECF. 1-1 at ¶ 2), and that he completed his job duties satisfactorily. (Id. at ¶ 10-m).

The Complaint contains little information in support of Plaintiff's claim that his working conditions were intolerable. The Complaint only alleges that the Defendant Union conducted investigations of Mahoe on various occasions.  There are insufficient facts to state a claim of constructive discharge. See Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).

The Union's Motion to Dismiss, as to the claim based on constructive discharge, is **GRANTED WITH LEAVE TO AMEND.**

### C.   Retaliation

To state a claim for retaliation under Title VII, a plaintiff must establish that: "(1) the employee engaged in a protected activity, (2) she suffered an adverse employment action, and (3) there was a casual link between the protected activity and the adverse employment decision." Davis v. Team Elec. Co., 520 F.3d 1080, 1093-94 (9th Cir. 2008); Raad v.

14

<u>Fairbanks North Star Borough School Dist.</u>, 323 F.3d 1185, 1197
(9th Cir. 2003).

The United States Supreme Court recently held that Title VII
retaliation claims must be proved according to the traditional
principles of but-for causation.  <u>Univ. of Texas Sw. Med. Ctr. v.</u>
<u>Nassar</u>, 133 S.Ct. 2517, 2533 (2013).  A plaintiff must prove that
the unlawful retaliation would not have occurred in the absence
of the alleged wrongful action or actions of the employer.  <u>Id.</u>

Plaintiff appears to claim that he was retaliated against
for complaining of race discrimination.

### 1.   Investigations of Plaintiff

According to the Complaint, Plaintiff was placed under
investigation on two occasions after he complained of race
discrimination on June 16, 2010.

First, on June 21, 2010, Plaintiff was placed under
investigation.  (Complaint at ¶ 10-h, ECF. 1-1).  Plaintiff does
not provide any details of the outcome of the June 21, 2010
investigation.

Second, on July 26, 2010, Plaintiff was placed under
investigation based on complaints submitted by two employees
Plaintiff recommended for termination.  (<u>Id.</u> at 10-i).  During
the investigation, Plaintiff was placed on unpaid administrative
leave.  (<u>Id.</u>).  According to Plaintiff, at the conclusion of the
investigation, the majority of the two employees' allegations

were found to be unsubstantiated, and there was only one finding of a minor impropriety.  (Id. at ¶ 10-j).

Under the Nassar case, Plaintiff has not stated a plausible claim that the investigations were retaliation.  Plaintiff has not stated sufficient facts to establish that but-for Defendant's alleged unlawful actions, Plaintiff would not have been placed under investigation.

### 2.    Retaliation by Constructive Discharge

Plaintiff Mahoe appears to also be attempting to state a retaliation element in connection with his claim of constructive discharge.  (Complaint at ¶ 12, ECF. No. 1-1).

To state a retaliation claim, a causal link is necessary between the plaintiff's Title VII complaint and the adverse employment action.  See Univ. Of Texas Sw. Med. Ctr. v. Nassar, 133 S. Ct. 2517, 2533 (2013).  "[C]ausation can be inferred from timing alone when an adverse employment action follows on the heels of protected activity."  Villiarimo v. Aloha Island Air, Inc., 281 F.3d 1054, 1065 (9th Cir. 2002).

Here, Mahoe's Complaint fails to supply sufficient information to connect his June 2010 complaint of race discrimination to his discharge in January 2011, more than seven months later.  See id.  Without more, the time lapse is too long to give rise to an inference of causation.  Id.

In <u>Yartzoff v. Thomas</u>, the Ninth Circuit Court of Appeals held that a nine month lapse between an employee's complaint of discrimination and an adverse employment action was insufficient to infer causation.  809 F.2d 1371, 1376 (9th Cir. 1987).  The Ninth Circuit Court of Appeals more recently held in <u>Villiarimo</u> that an 18-month lapse was insufficient to infer causation, and it cited other decisions in which a shorter temporal proximity was also insufficient.  281 F.3d at 1065 (citing <u>Filipovic v. K & R Express Sys., Inc.</u>, 176 F.3d 390, 398-99 (7th Cir. 1999) (four months too long); <u>Adusumilli v. City of Chicago</u>, 164 F.3d 353, 363 (7th Cir. 1998) (eight months too long); <u>Davidson v. Midelfort Clinic, Ltd.</u>, 133 F.3d 499, 511 (7th Cir. 1998) (five months too long); <u>Conner v. Schnuck Markets, Inc.</u>, 121 F.3d 1390, 1395 (10th Cir. 1997) (four months too long).

The Complaint does not contain sufficient factual allegations in connection with constructive discharge to state a retaliation claim.  <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 570).

The Union's Motion to Dismiss, as to the retaliation claim, is **GRANTED WITH LEAVE TO AMEND.**

Count I fails to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

Count I is **DISMISSED WITH LEAVE TO AMEND.**

17

<u>**COUNT II -- Defamation**</u>

In order to sustain a claim for defamation, a plaintiff must establish: (1) a false and defamatory statement concerning another; (2) an unprivileged publication to a third party; (3) fault amounting at least to negligence on the part of the publisher or actual malice where the plaintiff is a public figure; and (4) either actionability of the statement irrespective of special harm or the existence of special harm caused by the publication. <u>Gold v. Harrison</u>, 962 P.2d 353, 359 (Haw. 1998).

Mahoe's Complaint alleges that the Union's "agents and/or employees made defamatory statements regarding Plaintiff's lack of integrity and competence to perform his duties of Treasurer of the Union." (Complaint at ¶ 15, ECF. No. 1-1).

**1.    False and Defamatory Statement**

Mahoe fails to allege the first necessary element of a defamation claim.  The Complaint lacks information about the actual content of any allegedly defamatory statements.  There is no identification of an author of any such statements.  There is no information about when any defamatory statements were made.

**2.    Unprivileged Publication to a Third Party**

The Complaint fails to allege that there was an unprivileged third-party to whom the statements were published.

18

"Publication" for a defamation claim means a communication to some third party other than the person defamed.  See <u>Vlasaty v. Pacific Club</u>, 670 P.2d 827, 560 (Haw. App. 1983).  Mahoe fails to allege that the Union made a defamatory communication to some third party other than him.

The Complaint also contains insufficient facts to determine whether any privilege existed.  A qualified privilege arises when the author of a defamatory statement reasonably acts in the discharge of some public or private duty, legal, moral, or social and where the publication concerns a subject matter in which the author and the recipients of the publication have a correlative interest or duty.  See <u>Kainz v. Lussier</u>, 667 P.2d 797, 801-02 (Haw. App. 1983).

Mahoe fails to allege sufficient facts for the second required element of a defamation claim that the statement be published and unprivileged.

### 3.   Negligence or Actual Malice

The third element of a defamation claim requires fault amounting at least to negligence on the part of the publisher or actual malice where the plaintiff is a public figure.  <u>Gold</u>, 962 P.2d at 359.  Mahoe sufficiently alleges the third element of a defamation claim because he states that the "actions of Defendants were malicious and intentional discrimination." (Complaint at ¶ 16, ECF. No. 1-1).

19

### 4.   Actionability of the Statement or Special Harm

The Plaintiff does not allege any facts about the actionability of the statement or the harm he suffered as required by the fourth element.

The Plaintiff falls far short of articulating a defamation claim.  See Iqbal, 129 S.Ct. at 1949 (citing Twombly, 550 U.S. at 570).

Count II fails to state a claim for which relief can be granted pursuant to Federal Rules of Civil Procedure 8 and 12(b)(6).

Count II is **DISMISSED WITH LEAVE TO AMEND**.


### CONCLUSION

Defendant Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO's "MOTION TO DISMISS COUNT II (DEFAMATION) AND/OR FOR MORE DEFINITE STATEMENT" (ECF. No. 7) is **GRANTED WITH LEAVE TO AMEND** as to both (Count I) and (Count II).  Defendant Union's request for a more definite statement is **DENIED**.  Plaintiff Mahoe has until November 5, 2013 to file an Amended Complaint consistent with this Order.  Failure to file an Amended Complaint consistent with this Order by

November 5, 2013 will result in dismissal of the entire matter.


        IT IS SO ORDERED.

        DATED: September 27, 2013, Honolulu, Hawaii.



                                        /S/ Helen Gillmor
                        _____
                        Helen Gillmor
                        United States District Judge