IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM K. MAHOE, | ) Civ. No. 13-00186 HG-BMK |
| Plaintiff, | ) |
| vs. | ) |
| OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, | ) |
| Defendant. | ) |
| OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO, | ) |
| Counter Claimant, | ) |
| vs. | ) |
| WILLIAM K. MAHOE, | ) |
| Counter Defendant. | ) |

**ORDER GRANTING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3
OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S
MOTION FOR SUMMARY JUDGMENT (ECF No. 62)**

Plaintiff William K. Mahoe, a Native Hawaiian, filed a

complaint alleging claims of racial discrimination and

retaliation against his former employer, Defendant Operating

Engineers Local Union No. 3 of the International Union of

Operating Engineers, AFL-CIO ("Local 3" or "Union"). The Defendant Local 3 has filed a counterclaim against Plaintiff Mahoe.

The Defendant Local 3 filed a Motion for Summary Judgment as to Plaintiff Mahoe's racial discrimination and retaliation claims. Plaintiff agrees to summary judgment in favor of the Defendant Local 3 on his claim for racial discrimination.

The Defendant Local 3's Motion for Summary Judgment (ECF No. 62) is **GRANTED.**

## PROCEDURAL HISTORY

On September 21, 2012, Plaintiff William K. Mahoe filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendant's Notice of Removal, ECF No. 1-1).

On April 19, 2013, Defendant Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO removed the state court action to the United States District Court, District of Hawaii. (ECF No. 1).

On April 26, 2013, the Defendant Local 3 filed a MOTION TO DISMISS COUNT II (DEFAMATION) AND/OR FOR MORE DEFINITE STATEMENT. (ECF No. 7).

On July 12, 2013, the case was reassigned to the

Honorable Judge Helen Gillmor.  (ECF No. 23).

On September 27, 2013, the Court issued an ORDER GRANTING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION TO DISMISS (ECF No. 7) WITH LEAVE TO AMEND.  (ECF No. 34).

On November 5, 2013, Plaintiff Mahoe filed the FIRST AMENDED COMPLAINT.  (ECF No. 36).

On November 22, 2013, the Defendant Local 3 filed a MOTION TO DISMISS FIRST AMENDED COMPLAINT.  (ECF No. 38).

On February 10, 2014, the Court held a hearing on the Defendant's Motion to Dismiss the First Amended Complaint. (ECF No. 50).  The Court issued a Minute Order GRANTING IN PART AND DENYING IN PART DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND (ECF No. 38).  (ECF No. 50).

On March 3, 2014, Plaintiff Mahoe filed the SECOND AMENDED COMPLAINT.  (ECF No. 51).

On March 20, 2014, the Defendant Local 3 filed an ANSWER to the Second Amended Complaint and COUNTERCLAIMS for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment.  (ECF No. 53).

On August 28, 2014, the Defendant Local 3 filed NOTICE OF

DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT. (ECF No. 62).

On the same date, the Defendant Local 3 filed DEFENDANT LOCAL NO. 3'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT. (ECF No. 63). The Defendant Local 3 also filed DEFENDANT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, PURSUANT TO LOCAL RULE 56.1. (ECF No. 64).

On September 12, 2014, Plaintiff Mahoe filed PLAINTIFF WILLIAM K. MAHOE'S RESPONSE TO DEFENDANT'S CONCISE STATEMENT OF FACTS IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT, OR IN ALTERNATIVE, PARTIAL SUMMARY JUDGMENT, PURSUANT TO LOCAL RULE 56.1. (ECF No. 66).

On September 13, 2014, Plaintiff Mahoe filed PLAINTIFF WILLIAM K. MAHOE'S MEMORANDUM IN OPPOSITION TO DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT. (ECF No. 67).

On September 18, 2014, the Defendant Local 3 filed a Supplemental Declaration (ECF No. 68) and its REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL

SUMMARY JUDGMENT.  (ECF No. 69).

On November 10, 2014, the Court held a hearing on the Defendant Local 3's Motion for Summary Judgment (ECF No. 62). (ECF No. 75).


## BACKGROUND

Plaintiff Mahoe is Native Hawaiian.  (Deposition of William K. Mahoe ("Mahoe Depo.") at pp. 50, 53, ECF No. 64-1).

In 1993, Plaintiff Mahoe began his employment with the Defendant Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO ("Defendant Local 3").  (Mahoe Depo. at pp. 33-34, ECF No. 64-1).

Defendant Local 3 is a labor organization headquartered in California that represents operating engineers in California, Utah, Nevada, and Hawaii.  (Declaration of Russell E. Burns, Business Manager of the Defendant Local 3, ("Burns Decl.") at ¶¶ 3, 6, 9, ECF No. 64-2).  The Defendant Local 3 is governed by an elected Executive Board.  (Id. at ¶ 9).  The Executive Board is headed by the Business Manager.  (Id. at ¶ 11).

The Defendant Local 3's geographic territories are structured into separate Districts.  Each of the Defendant

Local 3's Districts has its own facilities and offices. (<u>Id.</u> at ¶ 7).  District 17 serves the State of Hawaii. (<u>Id.</u>)

In February 2010, Plaintiff Mahoe served as Treasurer on the Defendant Local 3's Executive Board and worked at the District 17 offices in Hawaii in the position of Special Representative to the Business Manager. (<u>Id.</u> at ¶¶ 38, 41). The Defendant Local 3 explained during the hearing that Plaintiff Mahoe was the senior staff person representing the Business Manager in Hawaii.  The Defendant explained that the Hawaii District Representative, Gino Soquena, was responsible for the day-to-day operations of District 17, but Plaintiff Mahoe was responsible for special projects, general oversight of the District 17 offices, and the implementation of the Defendant Local 3's policies in the District.

Beginning in March 2010, the Defendant Local 3 began investigating Plaintiff Mahoe because of allegations made by two former employees that Plaintiff Mahoe had misused Union funds. (Burns Decl. at ¶ 47, ECF No. 64-2).

Two months later, on May 26, 2010, the Defendant Local 3 placed Plaintiff Mahoe on unpaid administrative leave pending the results of the investigation.  (<u>Id.</u> at ¶¶ 52–53).

On June 16, 2010, three weeks after being placed on unpaid administrative leave, Plaintiff Mahoe complained in

writing to the Defendant Local 3's Human Resources Manager
about discrimination. (Letter to Mariano Gonzalez from Mahoe
dated June 16, 2010, Def.'s Ex. 9, ECF No. 64-1). Plaintiff
Mahoe agreed at the hearing that the June 2010 letter he sent
to the Defendant complaining of discrimination is not the
basis for his retaliation claim and is not at issue in this
case.

According to Plaintiff, on July 26, 2010, he received a
call from another employee who told him that an executive from
the mainland, Guy Prescott, was sent to the Defendant Local
3's District 17 offices to terminate an employee. (Mahoe
Depo. at pp. 154-57, ECF No. 64-1). Plaintiff Mahoe went to
the Defendant Local 3's District 17 offices while he was still
on unpaid administrative leave. (Id. at pp. 154-55).

According to Plaintiff's testimony at his deposition,
after he arrived at the District offices on July 26, 2010,
Plaintiff Mahoe approached Prescott accompanied by several
employees and yelled, "who the hell is this guy to come over
here and start firing our people?" (Id. at pp. 157, 165).
Plaintiff shouted at Prescott that he was shutting down the
Local 3 offices in Hawaii. (Id. at p. 164, 169). Plaintiff
Mahoe directed the Local 3 employees in District 17 to walk
off of their jobs. (Id. at p. 157-58, 169-70). The following

day, on July 27, 2010, Plaintiff Mahoe was terminated by the Defendant's Business Manager for gross insubordination. (Letter to Mahoe dated July 27, 2010, Ex. 11, ECF No. 64-2).

On August 6, 2010, ten days after Plaintiff Mahoe was terminated, he filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Second Amended Complaint at ¶¶ 4, 8, ECF No. 51). Plaintiff Mahoe claims that on August 20, 2010, he filed an amended Charge of Discrimination, alleging claims of race discrimination and retaliation. (Mahoe Depo. at pp. 187, 193, ECF No. 64-1).

The Defendant Local 3 continued their investigation into Plaintiff Mahoe following his termination in July 2010. (Burns Decl. at ¶¶ 72-74, ECF No. 64-2). At the close of the investigation, it was concluded that the majority of the allegations against Plaintiff Mahoe were unsubstantiated. (Id. at ¶ 74). The Defendant Local 3 decided to reinstate Plaintiff Mahoe due to the results of the investigation. (Id. at ¶ 75).

On October 24, 2010, the members of the Defendant Local 3's Executive Board and Plaintiff Mahoe signed a Letter of Understanding as to the terms of the reinstatement. (Letter of Understanding dated Oct. 24, 2010, Def.'s Ex. 17, ECF No. 64-1). The terms of Plaintiff's reinstatement required him to

dismiss all complaints and administrative charges he had filed

against Defendant Local 3.  (_Id._)  Mahoe agreed to do so.

(_Id._)

> The Letter of Understanding stated:

> As additional consideration of the terms set forth
> herein, Brother Mahoe will immediately withdraw, with
> prejudice, any and all complaints, charges,
> administrative proceedings, or other actions which he
> may have filed arising out of or in any way relating
> to the events which are the subject of this Letter of
> Understanding.  He further agrees to take all the
> measures necessary to support the present
> administration of the Local Union and acknowledges his
> obligation of loyalty thereto as an employee and
> representative of Local 3.

(_Id._ at ¶ 7).

Plaintiff Mahoe claims in his deposition that he believed

that the Charge of Discrimination he had filed with the EEOC

in August 2010 was "being removed or something" by the EEOC

case agent.  (Mahoe Depo. at p. 204, ECF No. 64-1).  In the

Second Amended Complaint, Plaintiff alleges that on November

23, 2011, he updated the Charge of Discrimination he had

previously filed with the EEOC in August 2010.  (Second

Amended Complaint at ¶ 9, ECF No. 51).

Defendant Local 3 contends that Plaintiff's August 2010

EEOC Charge of Discrimination was not withdrawn, despite its

reinstatement of the Plaintiff in November 2010 and the terms

of the Letter of Understanding outlining the settlement.

(Mahoe Depo. at pp. 203-04, ECF No. 64-1; <u>see</u> Def.'s CSF at ¶ 25, ECF No. 64).

On November 1, 2010, Plaintiff Mahoe returned to work for the Defendant Local 3 in Hawaii in his position as Special Representative to the Business Manager. (Mahoe Depo. at p. 201, ECF No. 64-1).

The following day, on November 2, 2010, the Defendant Local 3's Office Manager sent an e-mail to Plaintiff which stated: "Do NOT rent the Union hall facility until you have received the okay from the Legal department." (E-mail from Sandra McDermott dated November 2, 2010, Def.'s Ex. 18, ECF No. 64-1). Attached were a chain of forwarded e-mails between the Defendant Local 3's Legal Department and the Secretary for Gino Soquena, the Hawaii District Representative, that discussed concerns about the need for insurance coverage for private events held on their premises. (<u>Id.</u>)

On December 11, 2010, Mahoe attended a wedding reception for his cousin at the Defendant Local 3's facilities on Oahu. (Mahoe Depo. at pp. 207, ECF No. 64-1; Declaration of William K. Mahoe ("Mahoe Decl.") at ¶ 8, ECF No. 66-1).

Six weeks after the wedding, on January 23, 2011, the Defendant Local 3 Executive Board held a meeting. (Burns Decl. at ¶ 91, ECF No. 64-2).

At the January 23, 2011 Executive Board meeting, presided over by Defendant Local 3's Business Manager, Russell Burns, Plaintiff Mahoe was shown a video of his attendance at the wedding in December 2010. (Mahoe Decl. at ¶ 12, ECF No. 66-1). At the meeting, the Board Members discussed Mahoe's actions in attending the wedding and "[a]ll of the Officers agreed that Mahoe had to go." (Burns Decl. at ¶ 94, ECF No. 64-2). After the meeting on January 23, 2011, Burns asked for Plaintiff Mahoe's resignation for attending the wedding and failing to properly manage the use of Local 3's facilities in Hawaii. (Id.)

On February 2, 2011, ten days later, Plaintiff Mahoe signed a resignation letter and delivered it to Burns. (Id. at ¶ 97; Mahoe Decl. at ¶ 14, ECF No. 66-1).

In his deposition, Plaintiff Mahoe acknowledged that he had a responsibility to ensure that the Defendant Local 3's premises were not used for private events without approval from the Legal Department. (Mahoe Depo. at pp. 214-15, ECF No. 64-1). Plaintiff admitted that he took no action to prevent the wedding from being held. (Id. at pp. 54-55). Plaintiff stated, "I admit it, I fucked up. . . . What I didn't do was take action, and I should have took . . . . I should have just probably called off everything, the whole

event, you know." (<u>Id.</u> at p. 54).

Plaintiff claims that he exhausted his administrative remedies when on July 21, 2011, he filed a Charge of Discrimination with the Hawaii Civil Rights Commission, based on the Defendant's request for his resignation in January 2011. (Second Amended Complaint at ¶ 8, ECF No. 51). Plaintiff Mahoe asserts that on June 25, 2012, the EEOC issued a Right to Sue letter. (<u>Id.</u> at ¶ 9).

Plaintiff claims his constructive discharge in January 2011 was in retaliation for the EEOC Charge of Discrimination he filed against the Defendant in August 2010 and did not withdraw following his reinstatement in November 2010.

## STANDARD OF REVIEW

Summary judgment is appropriate when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). To defeat summary judgment there must be sufficient evidence that a reasonable jury could return a verdict for the nonmoving party. <u>Nidds v. Schindler Elevator Corp.</u>, 113 F.3d 912, 916 (9th Cir. 1997).

The moving party has the initial burden of "identifying for the court the portions of the materials on file that it

believes demonstrate the absence of any genuine issue of material fact." T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)). The moving party, however, has no burden to negate or disprove matters on which the opponent will have the burden of proof at trial. The moving party need not produce any evidence at all on matters for which it does not have the burden of proof. Celotex, 477 U.S. at 325. The moving party must show, however, that there is no genuine issue of material fact and that he or she is entitled to judgment as a matter of law. That burden is met by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. Id.

If the moving party meets its burden, then the opposing party may not defeat a motion for summary judgment in the absence of probative evidence tending to support its legal theory. Commodity Futures Trading Comm'n v. Savage, 611 F.2d 270, 282 (9th Cir. 1979). The opposing party must present admissible evidence showing that there is a genuine issue for trial. Fed. R. Civ. P. 56(e); Brinson v. Linda Rose Joint Venture, 53 F.3d 1044, 1049 (9th Cir. 1995). "If the evidence is merely colorable, or is not significantly probative,

summary judgment may be granted." Nidds, 113 F.3d at 916

(quoting Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50

(1986)).

The court views the facts in the light most favorable to
the non-moving party.  State Farm Fire & Casualty Co. v.
Martin, 872 F.2d 319, 320 (9th Cir. 1989).  Opposition
evidence may consist of declarations, admissions, evidence
obtained through discovery, and matters judicially noticed.
Fed. R. Civ. P. 56(c); Celotex, 477 U.S. at 324.  The opposing
party cannot, however, stand on its pleadings or simply assert
that it will be able to discredit the movant's evidence at
trial. Fed. R. Civ. P. 56(e); T.W. Elec. Serv., 809 F.2d at
630.  The opposing party cannot rest on mere allegations or
denials.  Fed. R. Civ. P. 56(e); Gasaway v. Northwestern Mut.
Life Ins. Co., 26 F.3d 957, 959-60 (9th Cir. 1994).  When the
non-moving party relies only on its own affidavits to oppose
summary judgment, it cannot rely on conclusory allegations
unsupported by factual data to create an issue of material
fact.  Hansen v. United States, 7 F.3d 137, 138 (9th Cir.
1993); see also National Steel Corp. v. Golden Eagle Ins. Co.,
121 F.3d 496, 502 (9th Cir. 1997).

## ANALYSIS

**Count I:  Racial Discrimination**

On March 3, 2014, Plaintiff Mahoe filed a Second Amended Complaint.  (ECF No. 51).  The Second Amended Complaint contains two counts: Count I for racial discrimination and Count II for retaliation.  (_Id._)  Plaintiff alleges a claim in Count I for racial discrimination pursuant to Title VII of the Civil Rights Act of 1964, codified at 42 U.S.C. § 2000e-2.

Title VII of the Civil Rights Act of 1964 provides, in relevant part:

> It shall be unlawful employment practice for an employer . . . to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin.

42 U.S.C. § 2000e-2(a)(1) (2006).

On August 28, 2014, Defendant Local 3 filed a Motion for Summary Judgment as to both counts in Plaintiff's Second Amended Complaint.  (ECF No. 62).

Plaintiff Mahoe agrees that summary judgment is appropriate in favor of the Defendant Local 3 as to Count I. (Pla.'s Opposition to the Def.'s Motion for Summary Judgment, ECF No. 67 at pp. 3-4).

Defendant's Motion for Summary Judgment as to Count I for racial discrimination is **GRANTED**.

**Count II:       Retaliation**

Federal law prohibits retaliation against an employee for making a charge or otherwise participating in a proceeding pursuant to 42 U.S.C. § 2000e-3(a).

42 U.S.C. § 2000e-3(a) provides:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees or applicants for employment, for an employment agency, or joint labor-management committee controlling apprenticeship or other training or retraining, including on-the-job training programs, to discriminate against any individual, or for a labor organization to discriminate against any member thereof or applicant for membership, because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter.

To establish a prima facie case of retaliation, a plaintiff must demonstrate that:

(1)  he engaged in a protected activity;

(2)  the defendant subjected the plaintiff to an adverse employment action; and

(3)  a causal link existed between the protected activity and the adverse employment action.

16

<u>Nilsson v. City of Mesa</u>, 503 F.3d 947, 953 (9th Cir. 2007).

The evidence necessary to establish a prima facie case of retaliation is minimal. <u>Wallis v. J.R. Simplot Co.</u>, 26 F.3d 885, 891 (9th Cir. 1994).

If the plaintiff provides sufficient evidence to show a prima facie case of retaliation, the burden shifts to the defendant to articulate a legitimate, non-retaliatory reason for its employment decision. <u>Noyes v. Kelly Servs.</u>, 488 F.3d 1163, 1168 (9th Cir. 2007). If the defendant sets forth such a reason, the plaintiff bears the ultimate burden of submitting evidence indicating that the defendant's proffered reason is merely a pretext for a retaliatory motive. <u>Surrell v. California Water Serv. Co.</u>, 518 F.3d 1097, 1108 (9th Cir. 2008).

**A. Prima Facie Case of Retaliation**

    **1. Protected Activity**

An employee's communication to his employer that he believes it has engaged in employment discrimination constitutes a protected activity for a 42 U.S.C. § 2000e-3(a) retaliation claim. <u>Crawford v. Metropolitan Gov. Of Nashville & Davidson Cnty. Tenn.</u>, 555 U.S. 271, 276 (2009).

Plaintiff Mahoe alleges that he engaged in a protected activity on August 6, 2010, when he filed a Charge of Discrimination with the EEOC.[1] (Second Amended Complaint at ¶ 6, ECF No. 51). Filing a complaint with the EEOC constitutes a protected activity for a federal employment law retaliation claim. Ray v. Henderson, 217 F.3d 1234, 1240 n.3 (9th Cir. 2000). The Court has not been provided with a copy of the EEOC Complaint of August 6, 2010, or any subsequent EEOC filings.

## 2. Adverse Employment Action

The employee must show, as part of his prima facie retaliation claim, that he suffered some adverse action by the employer after he engaged in a protected activity. Nilsson, 503 F.3d at 953-54.

An adverse employment action materially affects the compensation, terms, conditions, or privileges of employment. Davis v. Team Elec. Co., 520 F.3d 1080, 1089 (9th Cir. 2008). An action is cognizable as an adverse employment action in a

---

[1] Plaintiff Mahoe also complained of discrimination on June 16, 2010, when he sent a letter to the Defendant Local 3's Director of Human Resources. (Letter to Mariano Gonzalez from William K. Mahoe dated June 16, 2010, Def.'s Ex. 9, ECF No. 64-1). Plaintiff conceded at oral argument that his retaliation claim is not based on the letter of discrimination he sent in June 2010 to the Defendant Local 3.

retaliation case if it is reasonably likely to deter employees from engaging in a protected activity. Ray, 217 F.3d at 1243; Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 68 (2006).

In July 2010, Plaintiff was on administrative leave from his position as Special Representative to the Business Manager in the Defendant's Hawaii office. On July 26, 2010, Plaintiff Mahoe received a call informing him that a California executive, Guy Prescott, was in Hawaii to terminate an employee. (Mahoe Depo. at p. 154, ECF No. 64-1). Plaintiff Mahoe went to the Defendant's Hawaii office, yelled at Prescott, and directed the Defendant Local 3 employees to walk off their jobs and shut down the offices. (Id. at pp. 169-70).

The day after the incident, on July 27, 2010, Plaintiff Mahoe was terminated for trying to shut down the Defendant's offices in Hawaii. (Letter to Plaintiff Mahoe dated July 27, 2010, Ex. 11 attached to Burns Decl., ECF No. 64-2).

In November 2010, Plaintiff Mahoe was reinstated to his paid position as Special Representative to the Business Manager in the Defendant Local 3's District 17 offices in Hawaii. (Burns Decl. at ¶ 80, ECF No. 64-2).

Two months later, on January 23, 2011, the Defendant

Local 3 asked Plaintiff to resign for not properly managing the use of the Defendant's Union hall in Hawaii, as evidenced by his attendance at a wedding on the Union's premises in December 2010. (Id. at ¶¶ 85-96). On that date, Plaintiff was handed a prepared resignation letter and was told he needed to resign or he would be terminated. (Mahoe Decl. at ¶¶ 12-14, ECF No. 66-1). On February 2, 2011, Plaintiff Mahoe signed the resignation letter. (Burns Decl. at ¶ 97, ECF No. 64-2).

Plaintiff Mahoe could be seen as having suffered an adverse employment action when he was asked to resign in January 2011. Requesting that an employee resign is an action that is reasonably likely to deter an employee from complaining about discrimination in the workplace. Ray, 217 F.3d at 1244.

### 3. Causation

The final factor needed for a plaintiff to demonstrate a prima facie retaliation case is to establish a causal link between the protected activity and the adverse employment action. Cornwell v. Electra Cent. Credit Union, 439 F.3d 1018, 1035 (9th Cir. 2006).

In 2013, the United States Supreme Court clarified the

standard of proof with respect to causation in a retaliation case.  Univ. Of Tex. Sw. Med. Ctr. v. Nassar, 133 S.Ct. 2517, 2533 (2013).  The Supreme Court held that "Title VII retaliation claims must be proved according to traditional principles of but-for causation. . . ."  Id.  This requires proof that the unlawful retaliation would not have occurred in the absence of the alleged wrongful actions of the employer. Id.

### a.  Proximity in Time

A causal link may be inferred from the proximity in time between the protected activity and the adverse action.  Dawson v. Entek Int'l, 630 F.3d 928, 936 (9th Cir. 2011).  In some cases, temporal proximity can, by itself, constitute sufficient circumstantial evidence of retaliation for purposes of a prima facie case.  Id.

Plaintiff Mahoe claims that the time between his August 2010 EEOC Charge of Discrimination and his constructive termination in January 2011 is close enough to infer causation.

Plaintiff was asked to resign in January 2011, more than five months after Plaintiff filed his Charge of Discrimination with the EEOC in August 2010.  The five month delay between

Plaintiff's EEOC complaint and his constructive discharge is not close enough in time to infer causation based solely on timing. In <u>Clark County School Dist. v. Breeden</u>, 532 U.S. 268, 273 (2001) (per curiam), the United States Supreme Court explained that the cases that accept mere temporal proximity to state a prima facie case for retaliation hold that the temporal proximity must be "very close."

The Ninth Circuit Court of Appeals has generally required temporal proximity of less than three months between the protected activity and the adverse employment action for the employee to establish causation based on timing alone. <u>Yartzoff v. Thomas</u>, 809 F.2d 1371, 1376 (9th Cir. 1987). The appellate court has held that a five month gap between actions, by itself, is insufficient evidence to infer causation for a retaliation claim. <u>Brown v. Dep't of Public Safety</u>, 446 Fed. Appx. 70, 73 (9th Cir. 2011); <u>Pickens v. Astrue</u>, 252 Fed. Appx. 795, 797 n.2 (9th Cir. 2007); <u>see</u> <u>Fazeli v. Bank of America, NA</u>, 525 Fed. Appx. 570, 571 (9th Cir. 2013) (finding less than three months was insufficient to infer causation when there was other evidence that no causal link existed).

### b. Evidence of Retaliatory Motive

The Ninth Circuit Court of Appeals has explained that factors other than timing can be considered when evaluating the causation element in a prima facie case for retaliation. Porter v. Cal. Dept. Of Corrections, 419 F.3d 885, 895 (9th Cir. 2005). When looking to the causation element of a retaliation claim, it is necessary to inquire into the motives of the employer. Id. (citing Kachmar v. SunGard Data Sys., Inc., 109 F.3d 173, 177 (3rd Cir. 1997)). The inquiry is highly context specific. Id. Causation can be shown based on circumstantial evidence that demonstrates retaliatory motivation on the part of the employer following the plaintiff's protected conduct. Porter, 419 F.3d at 896 (finding evidence of causation when the employer denied the employee's requests for vacation and made changes in his shift following complaints of discrimination).

Plaintiff Mahoe has provided sufficient evidence of retaliatory motive to establish the prima facie element of causation. Plaintiff Mahoe asserts that on November 2, 2010, he was informed that the Defendant Local 3 created a new policy about the use of its facilities for private events. (E-mail to Plaintiff dated November 2, 2010, Def.'s Ex. 18, ECF No. 64-1). Plaintiff claims that the policy was only

enforced against him.  Coszalter v. City of Salem, 320 F.3d
968, 978 (9th Cir. 2003) (holding that the application of a
company policy against only the terminated employee suggests
that the employer had a retaliatory motive).

Permission to use the facilities for the wedding was
approved by the District Manager for the Defendant Local 3's
Hawaii offices, Gino Soquena, not Plaintiff.  (Id. at ¶ 5).
According to Plaintiff, he only found out about the wedding a
few days before it took place.  (Id. at ¶¶ 5-6).

A trier of fact could infer causation based on the
evidence that Plaintiff did not approve the use of Defendant's
facilities for the wedding and only Plaintiff, who had
complained of discrimination, was asked to resign for
attending the wedding.

Plaintiff Mahoe has presented sufficient evidence to meet
the minimal burden necessary to demonstrate a prima facie case
of retaliation.  Wallis, 26 F.3d at 891.

**B.   Nondiscriminatory Reason**

If the Plaintiff establishes a prima facie case for
retaliation, the burden shifts to the employer to produce
evidence that it had a non-retaliatory reason for its conduct.
Davis, 520 F.3d at 1094.  The employer need only produce

24

evidence that it had a non-retaliatory reason for its conduct, such as performance problems or misconduct.  Unt v. Aerospace Corp., 765 F.2d 1440, 1447 (9th Cir. 1985).

The Defendant Local 3 asserts that Plaintiff Mahoe was asked to resign in January 2011 for continued violations of company policies.

Employee misconduct is a legitimate reason for terminating an employee.  Id.  In Unt, the appellate court explained that "[a]n employee is not protected by Title VII when he violates legitimate company rules, knowingly disobeys company orders, and disrupts the work environment of his employer, or willfully interferes with the attainment of the employer's goals."  Id. at 1446.

The Ninth Circuit Court of Appeals has found that evidence of an employee's pattern of insubordinate conduct constitutes a legitimate, non-retaliatory reason for termination.  Harrison v. U.S. Customs Service, 15 F.3d 1085, 1993 WL 508318, *2 (9th Cir. 1993).

The Defendant Local 3 provided evidence that Plaintiff Mahoe engaged in a pattern of insubordinate behavior.

On July 26, 2010, Plaintiff Mahoe created a disturbance at the Defendant Local 3's District offices in Hawaii, yelled at another employee, and directed the Defendant Local 3

employees to walk off their jobs and shut down the offices. (Mahoe Depo. at pp. 169-70, ECF No. 64-1).

Plaintiff was reinstated in November 2010. A month later, on December 11, 2010, Plaintiff attended a wedding at the Union's facilities in Hawaii that was seen by his employer as a violation of his duties. (Mahoe Depo. at pp. 54-55, ECF No. 64-1).

Plaintiff Mahoe was the senior staff member in the Defendant's Hawaii office and also served as Treasurer on the Defendant's Executive Board. (Burns Decl. at ¶ 89, ECF No. 64-2). As a senior staff member and Officer, Plaintiff was expected to ensure the implementation of the Defendant's policies in the Hawaii District Office. (Id. at ¶ 95). The Executive Board found Plaintiff's attendance at the December 2010 wedding and failure to manage the use of its facilities to be "another serious act of insubordination and disregard of his duties." (Id. at ¶¶ 89, 95).

The Defendant Local 3 has provided a legitimate, non-retaliatory reason for asking Plaintiff Mahoe to resign in January 2011.

**C.    Pretext**

If the defendant provides a legitimate, non-retaliatory

reason, the plaintiff must show that the employer's proffered reason is a pretext for retaliation.  Surrell, 518 F.3d at 1097.

A plaintiff may rely on circumstantial evidence to show pretext but the evidence must be both specific and substantial.  Bergene v. Salt River Project Agric. Imp. & Pwr. Dist., 272 F.3d 1136, 1142 (9th Cir. 2001).  Circumstantial evidence typically relates to such factors as plaintiff's job performance, the timing of events, and how the plaintiff was treated in comparison with other workers.  See Stegall v. Citadel Broadcasting Co., 350 F.3d 1061, 1066-67 (9th Cir. 2003).

**1.  Plaintiff Has Not Demonstrated That His Participation in Proceedings Before the EEOC Likely Motivated the Defendant Local 3 to Ask Him to Resign in January 2011**

A plaintiff may show that the employer's articulated reason is pretextual by persuading the court that retaliation more likely motivated the employer.  Chuang v. Univ. of California Davis, 225 F.3d 1115, 1124 (9th Cir. 2000).

Plaintiff Mahoe asserts that the Defendant retaliated against him for filing an EEOC complaint in August 2010 and for failing to dismiss the Charge after he was reinstated in November 2010.

27

There is insufficient evidence to support Plaintiff's position that the Defendant was more likely motivated by retaliation.

There is no evidence that the Defendant Local 3 knew Plaintiff failed to take the proper steps to withdraw his Charges of Discrimination after he was reinstated in November 2010. Plaintiff has not provided any evidence to demonstrate when the Defendant Local 3 or its employees became aware that he had not withdrawn his charges of discrimination. <u>Raad v. Fairbanks North Star Borough School Dist.</u>, 323 F.3d 1185, 1197 (9th Cir. 2003) (finding insufficient evidence of a retaliatory motive where the plaintiff failed to demonstrate that the hiring/firing official was aware that the plaintiff had filed a discrimination complaint).

There is insufficient evidence to demonstrate that Plaintiff Mahoe's participation in proceedings before the EEOC was a but-for causation and more likely motivated the Defendant to ask for his resignation in January 2011. <u>Univ. Of Tex. Sw. Med. Ctr. v. Nassar</u>, 133 S.Ct. 2517, 2534 (2013) (explaining that the plaintiff must demonstrate that the protected conduct was a but-for cause of his adverse employment action).

**2.    Plaintiff Has Not Demonstrated That the Defendant**

**Local 3's Proffered Reason for Asking Him to Resign is Unworthy of Credence**

A plaintiff may alternatively show that the defendant's articulated reason is pretextual by showing that the employer's proffered explanation is unworthy of credence. Chuang, 225 F.3d at 1124.

Plaintiff has not presented evidence that the Defendant Local 3's proffered reason for asking him to resign in January 2011 is unworthy of credence. Wallis v. J.R. Simplot Co., 26 F.3d 885, 892 (9th Cir. 1994) (finding that although the plaintiff established a prima facie case of retaliation he failed to provide any evidence to controvert the defendant's proffered reason for his termination).

The Defendant Local 3's Business Manager, Russell Burns, explained that at the January 23, 2011 Executive Board meeting, "[a]ll of the Officers agreed that Mahoe had to go." (Burns Decl. at ¶ 94, ECF No. 64-2). Burns states that Plaintiff Mahoe's attendance at the wedding in December 2010 "was another serious act of insubordination and disregard of [Plaintiff's] duties as a senior member of [Burns'] staff, and a breach of his duties as an Officer." (Id. at ¶¶ 89, 95).

Plaintiff admitted in his deposition that before he was reinstated in November 2010, he disrupted the Defendant Local

3's Hawaii offices in July 2010 and directed the Defendant's employees to walk off of their jobs. (Mahoe Depo. at pp. 152-60, 164-70, ECF No. 64-1).

Plaintiff Mahoe acknowledges that when he returned to his position in November 2010 he knew there had been an issue concerning insurance and potential liability to the Defendant Local 3 for having social functions on their premises. (<u>Id.</u> at p. 214). Plaintiff admitted that as a senior staff member and Officer for the Defendant Local 3 he should not have allowed the wedding reception to take place on the Defendant Union's premises in December 2010. (<u>Id.</u> at pp. 53-55, 214-15).

Plaintiff Mahoe has not met his burden of providing specific and substantial evidence that the Defendant Local 3's proffered reason for asking him to resign in January 2011 was a pretext for retaliation. <u>Bergene</u>, 272 F.3d at 1142.

Defendant's Motion for Summary Judgment as to Count II for retaliation is **GRANTED**.

//
//
//
//
//
//

**<u>CONCLUSION</u>**


Defendant's Motion for Summary Judgment (ECF No. 62) is **GRANTED.**

IT IS SO ORDERED.

DATED: November 25, 2014, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

<u>William K. Mahoe v. Operating Engineers Local Union No. 3 of
the International Union of Operating Engineers, AFL-CIO;
Operating Engineers Local Union No. 3 of the International
Union of Operating Engineers, AFL-CIO v. William K. Mahoe</u>;
Civ. No. 13-00186 HG-BMK; **ORDER GRANTING DEFENDANT OPERATING
ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF
OPERATING ENGINEERS, AFL-CIO'S MOTION FOR SUMMARY JUDGMENT
(ECF No. 62)**