IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| WILLIAM K. MAHOE,<br><br>    Plaintiff,<br><br>    vs.<br><br>OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO,<br><br>    Defendant.<br>_____<br>OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO,<br><br>    Counter Claimant,<br><br>    vs.<br><br>WILLIAM K. MAHOE,<br><br>    Counter Defendant.<br>_____ | Civ. No. 13-00186 HG-BMK |

**ORDER DENYING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR ATTORNEYS' FEES AND COSTS**
**(ECF No. 95)**

**and**

**ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 92)**

1

Plaintiff William K. Mahoe filed a Complaint alleging claims of racial discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964 against Defendant Operating Engineers Local No. 3 of the International Union of Operating Engineers, AFL-CIO.

The Court entered judgment in favor of the Defendant and the Parties stipulated to dismiss Defendant's counterclaims. Defendant filed a motion for attorneys' fees and costs. Defendant asserted that a portion of Plaintiff's claims were frivolous and argued that it was entitled to attorneys' fees and costs for defending against those claims.

The Magistrate Judge entered a Findings and Recommendation to Deny Defendant Operating Engineers Local Union No. 3's Motion for Attorneys' Fees and Costs.  (ECF No. 92).  Defendant objects to the Findings and Recommendation.  (ECF No. 95).

Defendant's Objections (ECF No. 95) are **DENIED**.

The Court **ADOPTS** the Magistrate Judge's June 23, 2015 Findings and Recommendation.  (ECF No. 92).

## PROCEDURAL HISTORY

On September 21, 2012, Plaintiff William K. Mahoe filed a Complaint in the Circuit Court of the First Circuit, State of Hawaii. (Complaint, attached as Ex. A. to Defendant's Notice of Removal, ECF No. 1-1).

On April 19, 2013, Defendant Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO removed the state court action to the United States District Court, District of Hawaii.  (ECF No. 1).

On April 26, 2013, the Defendant filed a MOTION TO DISMISS COUNT II (DEFAMATION) AND/OR FOR MORE DEFINITE STATEMENT.  (ECF No. 7).

On July 12, 2013, the case was reassigned to the Honorable Judge Helen Gillmor.  (ECF No. 23).

On September 27, 2013, the Court issued an ORDER GRANTING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION TO DISMISS (ECF No. 7) WITH LEAVE TO AMEND.  (ECF No. 34).

On November 5, 2013, Plaintiff filed the FIRST AMENDED COMPLAINT.  (ECF No. 36).

On November 22, 2013, the Defendant filed a MOTION TO DISMISS FIRST AMENDED COMPLAINT.  (ECF No. 38).

On February 10, 2014, the Court held a hearing on the Defendant's Motion to Dismiss the First Amended Complaint.  (ECF No. 50).  The Court issued a Minute Order GRANTING IN PART AND DENYING IN PART DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS, AFL-CIO'S MOTION TO DISMISS FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND.  (ECF No. 50).  The Court found that Plaintiff stated a claim for

disparate treatment based on the allegations that Defendant reduced his income and not the income of a similarly situated Caucasian employee.  (Id.)  The Court granted Plaintiff leave to amend as to his remaining claims.  (Id.)

On March 3, 2014, Plaintiff filed the SECOND AMENDED COMPLAINT.  (ECF No. 51).

On March 20, 2014, the Defendant filed an ANSWER to the Second Amended Complaint and COUNTERCLAIMS for breach of contract, breach of fiduciary duty, fraud, conversion, and unjust enrichment.  (ECF No. 53).

On August 28, 2014, the Defendant filed NOTICE OF DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT and a CONCISE STATEMENT OF FACTS.  (ECF Nos. 62, 64).

On September 13, 2014, Plaintiff filed PLAINTIFF WILLIAM K. MAHOE'S MEMORANDUM IN OPPOSITION TO DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT.  (ECF No. 67).  In his Memorandum, Plaintiff conceded that the evidence did not support his disparate treatment claims and he did not oppose Defendant's motion for summary judgment as to Count I for racial discrimination in the Second Amended Complaint.  (Id. at p. 3).

On November 10, 2014, the Court held a hearing on the

Defendant's Motion for Summary Judgment.  (ECF No. 75).

On November 25, 2014, the Court issued an ORDER GRANTING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS AFL-CIO'S MOTION FOR SUMMARY JUDGMENT.  (ECF No. 76).  The Court granted summary judgment in favor of the Defendant as to both Plaintiff's discrimination and retaliation claims.  (Id.)

On February 23, 2015, the Parties filed STIPULATION TO VOLUNTARILY DISMISS COUNTERCLAIMS, FILED MARCH 20, 2014 WITHOUT PREJUDICE; PURSUANT TO F.R.C.P. 41(a)(1)(A)(ii).  (ECF No. 83). The Stipulation provided that the Defendant reserved the right to file a Motion for Attorneys' Fees and Costs within fourteen days of the entry of judgment.  (Id.)

On February 26, 2015, judgment was entered.  (ECF No. 84).

On March 12, 2015, Defendant filed NOTICE OF MOTION AND DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 MOTION FOR ATTORNEYS' FEES PURSUANT TO FED. R. CIV. P. 54 (ECF No. 85) along with DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3's MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ATTORNEYS FEES AND COSTS.  (ECF No. 86).

On April 15, 2015, Plaintiff filed PLAINTIFF WILLIAM K. MAHOE'S MEMORANDUM IN OPPOSITION TO DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3 MOTION FOR ATTORNEYS' FEES PURSUANT TO FED R. CIV. P. 54.  (ECF No. 90).

On April 29, 2015, Defendant filed DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S REPLY TO PLAINTIFF'S OPPOSITION TO MOTION FOR ATTORNEYS' FEES PURSUANT TO FED R. CIV. P. 54.  (ECF No. 91).

On June 23, 2015, the Magistrate Judge issued a FINDINGS AND RECOMMENDATION TO DENY DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR ATTORNEYS' FEES AND COSTS.  (ECF No. 92).

On July 7, 2015, Defendant sent a letter to the Court requesting an extension of time to file Objections to the Magistrate Judge's Findings and Recommendation.  (ECF No. 93).

On the same date, the Court issued a Minute Order granting Defendant's request for an extension of time to file Objections.  (ECF No. 94).

On July 10, 2015, Defendant filed DEFENDANT'S NOTICE OF NON-HEARING OBJECTION as to the MAGISTRATE JUDGE'S JUNE 23, 2015 FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR ATTORNEYS' FEES AND COSTS.  (ECF No. 95).

On July 27, 2015, Plaintiff filed a REPLY.  (ECF No. 96).

## STANDARD OF REVIEW

28 U.S.C. § 636(b)(1)(B) permits a district court judge to designate a magistrate judge to determine matters pending before the court and to submit to the district court judge a findings and recommendation.

Pursuant to District of Hawaii Local Rule 74.2, any party may object to a magistrate judge's findings and recommendation. The district court judge shall make a de novo determination of those portions of the findings and recommendation to which a party properly objects and may accept, reject, or modify, in whole or in part, the findings and recommendation made by the magistrate judge.  Id.

The Ninth Circuit Court of Appeals has held that de novo review means the district court judge does not defer to the magistrate judge's ruling but freely considers the matter anew, as if no decision had been rendered by the magistrate judge. Dawson v. Marshall, 561 F.3d 930, 933 (9th Cir. 2009).

## ANALYSIS

A prevailing defendant in an action brought pursuant to Title VII of the Civil Rights Act of 1964 may be awarded costs, including attorneys' fees.  42 U.S.C. § 2000e-5(k).  Section 2000e-5(k) states:

> In any action or proceeding under this subchapter the court, in its discretion, may allow the prevailing party, other than the [Equal Employment Opportunity Commission] or the United States, a reasonable attorney's fee (including expert fees) as part of the costs, and the Commission and the United States shall be liable for costs the same as a private person.
> Id.

The United States Supreme Court has ruled that a district court may, in its discretion, award attorneys' fees to a

7

prevailing defendant in a case brought under Title VII of the Civil Rights Act of 1964 upon a finding that the plaintiff's suit was frivolous, unreasonable, or without foundation, even though not brought in bad faith.  Christianburg Garment Co. v. EEOC, 434 U.S. 412, 421-22 (1978).

The Supreme Court cautioned that in applying these criteria, "it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation." Id.  "Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit." Id. at 422.

**I.   Plaintiff's Disparate Treatment Claim Was Not Frivolous, Unreasonable or Without Foundation**

An action becomes frivolous when the result appears obvious or the arguments are wholly without merit.  Galen v. Cnty. of Los Angeles, 477 F.3d 652, 666 (9th Cir. 2007).

**A.   Plaintiff's Disparate Treatment Claim Had a Basis in Law and in Fact**

The Magistrate Judge found that Plaintiff's disparate treatment claim was brought with an arguable basis in law or fact. (Findings and Recommendation at p. 14, ECF No. 92).  The

finding was supported by the Court's prior determination that Plaintiff had stated a prima facie case for disparate treatment. (Id.).

The Court finds no error in the Magistrate Judge's finding. In the Second Amended Complaint, Plaintiff claimed that in January 2010 the Defendant Local 3 decreased his income because he refused to relocate to its head office in California.  (Second Amended Complaint at ¶ 11(e), ECF No. 51).  Plaintiff, who is Native Hawaiian, alleged he was the only employee on the Executive Board who had his pay reduced.  Plaintiff Mahoe claimed that a Caucasian, Executive Board member also refused to relocate to California but did not have his income decreased. (Id. at ¶ 11(f)).

On February 10, 2014, the District Court denied the Defendant's Motion to Dismiss First Amended Complaint as to Plaintiff's disparate treatment claim based on his reduced income.  (Minute Order Denying in Part and Granting in Part Defendant's Motion to Dismiss First Amended Complaint with Leave to Amend, ECF No. 50).

Plaintiff's disparate treatment claim had an arguable basis in law and in fact and was not frivolous.  Plaintiff stated sufficient allegations to state a claim and Plaintiff's claim was not wholly without merit.  Galen, 477 F.3d at 666-67.

The fact that the plaintiff does not prevail at summary

9

judgment is not enough to justify an award of fees to a prevailing defendant.  <u>Forsberg v. Pac. Northwest Bell Tel. Co.</u>, 840 F.2d 1409, 1422 (9th Cir. 1988).

The Ninth Circuit Court of Appeals has explained that a plaintiff is not required to have an "airtight" claim in order to file suit.  <u>EEOC v. Bruno's Restaurant</u>, 13 F.3d 285, 290 (9th Cir. 1993).  A plaintiff may have an entirely reasonable ground for bringing an employment discrimination case, even when the law or facts appear questionable or unfavorable at the outset.  <u>Id.</u>

Courts in this District have denied a defendant's request for attorneys' fees in employment discrimination cases in instances when a plaintiff failed to state a prima facie case.  <u>Siales v. Hawaii Electric Co., Inc.</u>, Civ. No. 13-00413 LEK-KSC, 2013 WL 6210639, *10-11 (D. Haw. Nov. 27, 2013); <u>Kaalakea v. Hawaii Health Sys. Corp.</u>, Civ. No. 07-00177DAE-KSC, 2008 WL 4809474, at *3 (D. Haw. Nov. 4, 2008); <u>Bane v. Sailors' Union of the Pac.</u>, Civ. No. 05-00577JMS-BMK, 2008 WL 2598155, at *2-3 (July 1, 2008).

Defendant requests in its Objections that the Court reevaluate the record to find that some of Plaintiff's claims were frivolous.  The Court found that Plaintiff established a prima facie case of disparate treatment and the Court did not find any of the claims alleged by Plaintiff were frivolous, unreasonable, or unfounded.  The Court will not reevaluate

Plaintiff's case on a post hoc basis. Christianburg Garment Co., 434 U.S. at 421-22.

### B. The October 24, 2010 Letter of Understanding Did Not Render Plaintiff's Claims Frivolous

Defendant argues that "Plaintiff was well aware that his disparate treatment claims lacked foundation in fact or law when the Complaint was filed at the outset based on the Letter of Understanding he executed." (Objections at p. 3, ECF No. 95-1). The facts and procedural history of the case do not support Defendant's argument.

In June 2010, Plaintiff complained of racial discrimination to the Defendant Local 3's Director of Human Resources. (Order Granting Defendant's Motion for Summary Judgment at p. 6, ECF No. 76).

A month later, in July 2010, Defendant Local 3 terminated Plaintiff's employment as a result of an incident where Plaintiff directed employees to walk off their jobs. (Id. at p. 7). Following his termination, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"). (Id.)

Three months later, in October 2010, the Defendant Local 3 and Plaintiff reached an agreement to reinstate Plaintiff Mahoe. (Id. at p. 8). On October 24, 2010, Plaintiff and members of the Defendant Local 3's Executive Board signed a Letter of

Understanding as to the terms of Plaintiff's reinstatement. (Id.)

Defendant argues that the terms of the October 24, 2010 Letter of Understanding precluded Plaintiff from bringing a cause of action for incidents that occurred before October 24, 2010.

Defendant's arguments based on the purported effects of the Parties' October 24, 2010 Letter of Understanding are unpersuasive.  The Court never interpreted the legal effects of the Letter of Understanding.  Questions remained about the enforceability of the terms of the Letter of Understanding when Plaintiff filed suit.  There was no clear court precedent interpreting the Letter of Understanding's terms that would have foreclosed Plaintiff's claims.  Gibson v. Office of the Attorney Gen. State of Calif., 561 F.3d 920, 929 (9th Cir. 2009).

The record demonstrates that Plaintiff did not believe that he was precluded from bringing suit based on the Letter of Understanding.  Plaintiff referred to the Letter of Understanding in his initial Complaint, in his First Amended Complaint, and in his Second Amended Complaint.  (Complaint at ¶ 10(j), attached as Ex. A to Def.'s Notice of Removal, ECF No. 1-1; First Amended Complaint at ¶ 11(j), ECF No. 36; Second Amended Complaint at ¶ 11(k), ECF No. 51).

The Defendant's argument that the Letter barred Plaintiff's claims was not raised as an issue until well into the course of

the litigation. Defendant's Executive Board Members signed the letter in October 2010. Despite its knowledge of the Letter, Defendant never argued in either of its two Motions to Dismiss that the Letter of Understanding barred any of Plaintiff's claims. (See Def.'s Motion to Dismiss, ECF No. 7; Def.'s Motion to Dismiss First Amended Complaint, ECF No. 38).

Defendant did not put Plaintiff on notice that it believed that the Letter of Understanding barred Plaintiff's disparate treatment claim until it filed its Motion for Summary Judgment.

Plaintiff conceded his disparate treatment claim in his Opposition to Defendant's Motion for Summary Judgment, after he determined that he was unable to succeed on the claim. (Pla.'s Memorandum in Opposition to Summary Judgment at p. 3, ECF No. 67).

Voluntarily dismissing a claim does not automatically render the claim meritless. Marbled Murrelet v. Babbitt, 182 F.3d 1091, 1096 (9th Cir. 1999). The Magistrate Judge properly found that there was no authority for the proposition that a plaintiff's voluntary abandonment or dismissal of its claims is a ground for an award of attorneys' fees. (Findings and Recommendation at p. 14, ECF No. 92). Defendant's Objections do not present authority contrary to the Magistrate Judge so finding.

The Ninth Circuit Court of Appeals has upheld the denial of a defendant's request for attorneys' fees even when the plaintiff

was barred from bringing a claim as a matter of law. <u>Dosier v. Miami Valley Broadcasting Corp.</u>, 656 F.2d 1295, 1301 (9th Cir. 1981)

In <u>Dosier</u>, the plaintiff brought a racial discrimination claim and defendant moved for summary judgment, arguing that some of plaintiff's claims were barred because a previous class action settlement foreclosed plaintiff's ability to bring a claim. <u>Id.</u> at 1298. The district court granted summary judgment in favor of the defendant but denied defendant's request for attorneys' fees. <u>Id.</u>

On appeal, the Ninth Circuit Court of Appeals agreed that some of plaintiff's claims were barred because of the previous class action settlement. <u>Id.</u> at 1298-99. The appellate court found that defendant was not entitled to attorneys' fees in defending against the plaintiff's foreclosed employment discrimination claims. <u>Id.</u> at 1301. The appeals court found that the claims were not frivolous because neither party could have predicted the outcome of the court's interpretation of the class action settlement with absolute confidence. <u>Id.</u>

Just as in <u>Dosier</u>, neither Plaintiff Mahoe nor the Defendant could have predicted the outcome of the interpretation of their October 24, 2010 Letter of Understanding with absolute confidence. <u>Dosier</u>, 656 F.2d at 1301. The Letter of Understanding does not establish that any of Plaintiff's claims

were frivolous, unreasonable, or unfounded.

**II. The Magistrate Judge Properly Considered the Record and Applied the Correct Standard for Determining Defendant's Request for Attorneys' Fees and Costs**

    **A. The Magistrate Judge Properly Considered the Record**

Defendant objects to the Findings and Recommendation on the basis that the Magistrate Judge did not address the "key facts" and did not discuss Defendant's claim that Plaintiff failed to conduct any significant discovery to support his claims at summary judgment. (Objections at p. 2, ECF No. 95-1).

The record reflects that the Magistrate Judge properly considered the arguments and evidence presented by the Parties. The Findings and Recommendation thoroughly discussed the background facts and procedural history of this case. (Findings and Recommendation at p. 2-10, 13-15, ECF No. 95-1).

The Court finds that the Magistrate Judge did carefully consider the Motion, the supporting and opposing memoranda, declarations, and exhibits attached thereto, and the record established in this action.

    **B. The Magistrate Judge Applied the Proper Legal Standard**

Defendant argues that "Magistrate Judge Kurren's application of the decisional law governing awards of attorney fees to defendant under Title VII, if adopted, would construct

15

insurmountable obstacles to such defense fees motions, based on his singular emphasis that such award have a chilling effect on civil rights actions brought by Plaintiffs." (Objections at p. 3, ECF No. 95-1).

In <u>Mitchell v. Office of the Los Angeles Cnty. Superintendent of Schools</u>, 805 F.2d 844, 848 (9th Cir. 19886), the Ninth Circuit Court of Appeals court found that awarding the defendant a large amount of attorneys' fees in that case would have a "chilling effect upon civil rights plaintiffs." (<u>Id.</u>) The Magistrate Judge relied on the language from <u>Mitchell</u> in the Findings and Recommendation. (Findings and Recommendation at p. 15, ECF No. 92). Defendant's objection to the Magistrate Judge's reliance on the Ninth Circuit Court of Appeals' holding in <u>Mitchell</u> is without merit.

The United States Supreme Court and the Ninth Circuit Court of Appeals have held that prevailing defendants must meet a higher standard than a prevailing plaintiff in order to receive attorneys' fees and costs in a civil rights action. <u>Fox v. Vice</u>, 131 S.Ct. 2205, 2213 (2011); <u>Vernon v. City of Los Angeles</u>, 27 F.3d 1385, 1402 (9th Cir. 1994).

A prevailing defendant is required to meet a higher standard because of the "quite different equitable considerations" at stake in a civil rights action brought by a plaintiff. <u>Christiansburg</u>, 434 U.S. at 419.

The Ninth Circuit Court of Appeals has explained:

> Even when unsuccessful, [civil rights] suits provide an important outlet for resolving grievances in an orderly manner ....  Our system of awarding attorneys fees in civil rights cases is in large part dedicated to encouraging individuals injured by discrimination to seek judicial relief.
> In accordance with this objective, courts are permitted to award attorneys fees to prevailing <u>plaintiffs</u> as a matter of course, but are permitted to award attorneys fees to prevailing <u>defendants</u> ... only in exceptional circumstances.

<u>Harris v. Maricopa Cnty. Sup. Ct.</u>, 631 F.3d 963, 971 (9th Cir. 2011) (internal quotations omitted).

The Magistrate Judge applied the proper legal standards.  There was no error in the Findings and Recommendation.  The District Court previously found that Plaintiff stated a prima facie claim against Defendant.  Plaintiff did not ultimately prevail on his claims, but this does not render his case to be frivolous or unfounded.  This case is not one of the "exceptional cases" where a defendant should be awarded attorneys' fees.

The reasons stated in the Magistrate Judge's Findings and Recommendation are sound.

Defendant's Objections (ECF No. 95) are **DENIED**.

The Magistrate Judge's June 23, 2015 Findings and Recommendation to Deny Defendant Operating Engineers Local Union No. 3's Motion for Attorneys' Fees and Costs (ECF No. 92) is **ADOPTED AS THE OPINION AND ORDER OF THIS COURT.**

**CONCLUSION**

Defendant Operating Engineers Local Union No. 3's Objections to Magistrate Judge's Findings and Recommendation to Deny Defendant Operating Engineers Local Union No. 3's Motion for Attorneys' Fees and Costs (ECF No. 95) are **DENIED**.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Local Rule 74.2, the "Findings and Recommendation to Deny Defendant Operating Engineers Local Union No. 3's Motion for Attorneys' Fees and Costs" (ECF No. 92) is **ADOPTED AS THE OPINION AND ORDER OF THIS COURT**.

IT IS SO ORDERED.

DATED: August 25 , 2015, Honolulu, Hawaii.



/s/ Helen Gillmor

Helen Gillmor
United States District Judge

William K. Mahoe v. Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO; Operating Engineers Local Union No. 3 of the International Union of Operating Engineers, AFL-CIO v. William K. Mahoe; Civ. No. 13-00186 HG-BMK; **ORDER DENYING DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S OBJECTIONS TO THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 95) and ADOPTING THE MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDATION TO DENY DEFENDANT OPERATING ENGINEERS LOCAL UNION NO. 3'S MOTION FOR ATTORNEYS' FEES AND COSTS (ECF No. 92)**